Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALLISON LENDING LLC,

                     Plaintiff,

                                         VERIFIED COMPLAINT

   -against-

DISRUPTIVE CAPITAL CORP., ARTURO
GIRALDO, PATRICIA MCKINNEY

                     Defendant(s).
-------------------------------------------------------X

      Plaintiff, Allison Lending LLC ("Allison Lending" or "Plaintiff"), by and through its

attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of

the premises and mortgages against Defendants Disruptive Capital Corp., Arturo Giraldo and

Patricia McKinney (collectively the "Defendants"), respectfully alleges upon information and

belief as follows:

## **NATURE OF THE ACTION**

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law,

      Section 1301 *et seq.*, to foreclose on the mortgage encumbering the property commonly

      known as 1135 Beach Avenue, Bronx, NY 10472, known on the Bronx County Tax Map as

      Block: 3753 Lot: 58 in the County of Bronx and State of New York (the "Subject Property").

      The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2.     Allison Lending LLC is a limited liability company organized under the laws of the State of Delaware. Allison Lending LLC is a single member limited liability company, whose sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Devico is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purposes of diversity, Allison Lending LLC is a citizen of Florida.

3.     Disruptive Capital Corp., upon information and belief, is a corporation organized under the laws of the State of New York, having a principal place of business at 1135 Beach Avenue, Bronx, NY 10472 or 5 Paddock Street, Holbrook, NY 11741. For the purposes of diversity, Disruptive Capital Corp., is a citizen of the State of New York. Disruptive Capital Corp. is a necessary party defendant to this action by virtue of the fact that it (i) is the borrower of the loan; (ii) is the Mortgagor under the Mortgage; and (iii) is the owner of the Subject Property.

4.     Arturo Giraldo, upon information and belief, is a resident and citizen of the State of New York, having an address at 5 Paddock Street, Holbrook, NY 11741. For purposes of diversity jurisdiction, he is a citizen of the State of New York. Arturo Giraldo is a necessary party defendant to this action by virtue of the fact that he executed a Guaranty of Payment wherein he personally guaranteed payment on the Note and Mortgage.

5.     Patricia McKinney, upon information and belief, is a resident and citizen of the State of New York, having an address at 5 Paddock Street, Holbrook, NY 11741. For purposes of diversity jurisdiction, she is a citizen of the State of New York. Patricia McKinney is a necessary party defendant to this action by virtue of the fact that she executed a Guaranty of Payment wherein she personally guaranteed payment on the Note and Mortgage.

6.  Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7.  This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8.  Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

9.  This action is brought to foreclose a mortgage made by Disruptive Capital Corp. set out as follows: Mortgage dated August 23, 2023, made by Disruptive Capital Corp. to Allison Lending LLC to secure the sum of $400,000.00 and interest, recorded in CRFN: 2023000223627 in the Bronx County Clerk's Office on August 31, 2023. Said lien covers premises known as 1135 Beach Avenue, Bronx, NY 10472. A copy of the Mortgage is annexed as Exhibit "B".

10. On August 23, 2023, Disruptive Capital Corp. executed and delivered a Note to Allison Lending LLC in the amount of $400,000.00.  A copy of Note is annexed as Exhibit "C".

11. Also on August 23, 2023, Arturo Giraldo and Patricia McKinney executed a Guaranty of Payment wherein they personally guaranteed payment on the Note and Mortgage. A copy of the Guaranty of Payment is annexed as Exhibit "D".

12.    Any applicable recording tax was duly paid at the time of recording said mentioned mortgages.

13.    Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

14.    Disruptive Capital Corp., Arturo Giraldo and Patricia McKinney have failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to pay the matured balance of the loan with accrued interest as of the loan's maturity date of August 30, 2024, and the default continues to date.

15.    Plaintiff sent a Notice to cure the default on August 9, 2024 to Disruptive Capital Corp., Arturo Giraldo and Patricia McKinney, as guarantors, (the "Default Notice") advising of acceleration of the loan and that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. Pursuant to Real Property Actions and Proceedings Law ("RPAPL") Section §1304(1), 90-day Notice was not required as this is not a residential home loan, but a commercial loan. A copy of the Default Notice with proof of mailing is annexed hereto as Exhibit "E".

16.    Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

17.    Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

18.  Due to the above-described default, Defendants Disruptive Capital Corp., Arturo Giraldo and Patricia McKinney are indebted to Plaintiff pursuant to the terms of the Notes and Mortgages for:

a.  The unpaid principal amount due under Note and all accrued and unpaid interest and late charges which sum as of August 26, 2024, amounts to $423,591.66:

b.  Attorney's fees and other costs and disbursements, payable to Allison Lending LLC under the terms of the Notes, which will accrue until the amount due and payable under the Notes is paid in full; and

c.  Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Notes and Mortgages are paid in full.

19.  Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

a.  Any state of facts that an inspection of the premises would disclose.

b.  Any state of facts that an accurate survey of the premises would show.

c.  Covenants, restrictions, easements and public utility agreements of record, if any.

d.  Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e.  Any right of tenants or person in possession of the subject premises.

f.  Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g.  Prior lien(s) of record, if any.

20.  In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s)

shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that

Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority

thereof in any independent action(s) or proceeding(s), including, without limitation, any

surplus money proceedings.

21.    Plaintiff shall not be deemed to have waived, altered, released or changed the election

hereinfore made, by reason of any payment after the commencement of this action, of any

or all of the defaults mentioned herein, and such election shall continue and remain effective.

22.    No other action or proceeding has been commenced or maintained or is now pending at law

or otherwise for the foreclosure of said Mortgages or for recovery of the said sum secured

by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and

all persons claiming under them or any of them, subsequent to the commencement of this action

and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right,

title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and

each and every part and parcel thereof; that the premises  may be decreed to be sold in one parcel,

according to law, subject to the terms set forth in this complaint; that the monies arising from the

sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note

and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment

and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances

and disbursements of this action, and together with any sums from the dates incurred by Plaintiff

pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect

the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the

respective payments and advances thereof, so far as the amount of such monies properly applicable

thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendants Disruptive Capital Corp., Arturo Giraldo and Patricia McKinney may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated:  September 17, 2024
       Syosset, New York

                                   Yours, etc.
                                   By: /s/ *Alan H. Weinreb*
                                   Alan H. Weinreb, Esq.
                                   MARGOLIN, WEINREB & NIERER, LLP

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: September 17, 2024
       Syosset, New York


                                      /s/ Alan H. Weinreb
                                     **ALAN H. WEINREB**